IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

UNITED STATES OF AMERICA,             §
                                      §
v.                                    §    CASE NO.  2:24-CR-00009-JRG-RSP (2)
                                      §
RECO TYRONE HAYES,                    §
                                      §
                                      §

**MEMORANDUM OPINION AND ORDER**

The Court held a Pretrial Conference in the above-captioned case on April 17, 2026. Among other items addressed at the Pretrial Conference, the Court took up the Government's Alternative 404(b) Notice (the "404(b) Notice," Dkt. No. 369) and Defendant's Notice of Objections to 404(b) Extraneous Evidence (the "Objection," Dkt. No. 375).

The 404(b) Notice discloses three distinct instances the Government intends to introduce evidence of at trial:

1. The Defendant's prior felony conviction for the offense of Possession of a Controlled Substance on November 8, 2005 (the "prior conviction"). (Dkt. No. 369 at 1.)

2. The Defendant's flight when officers attempted to arrest him pursuant to an active warrant arising out of the instant indictment on or about May 29, 2024 (the "flight from arrest"). (*Id*.)

3. The testimony of a cooperating defendant, provided on December 12, 2024, regarding controlled substances the cooperating defendant purchased from Reco Hayes from approximately 2021 to 2024 (the "cooperating defendant testimony"). (*Id*. at 1-2.)

Regarding the prior conviction, the Court **sustained** the Defendant's objection at the Pretrial Conference, finding that the prejudicial nature of the prior conviction outweighs its probative value. The Court made this determination in light of the length of time that has passed since this

2005 conviction, as well as the Defendant's representation that there will be no "accident" type defense presented which would give rise to the opportunity for the Government to present this prior conviction for any permissible purpose under Federal Rule of Evidence 404(b).

Regarding the cooperating defendant testimony, the Court **overruled** the Defendant's objection at the Pretrial Conference. The Court held this testimony is intrinsic to the conspiracy issue presented in this case.

Finally, regarding the incident of flight from arrest, the Court **carried** the issue at the Pretrial Conference. After reviewing the cases cited by the Government at both the hearing and in the 404(b) Notice, the Court finds that the Defendant's objection should be and hereby is **overruled**. As the Government has argued, this evidence may be properly introduced as evidence of the Defendant's consciousness of guilt. *See, e.g., United States v. Ballard*, 423 F.2d 127, 133 (5th Cir. 1970) ("[W]e see no reason for departing from the universally accepted rule that evidence of flight is admissible to prove a consciousness of guilt").

However, the Court provides two points of further guidance regarding the presentation of evidence relating to the flight from arrest at trial:

1. The Government is directed to approach the bench and seek leave to introduce such evidence prior to doing so, to provide the Court with an opportunity to assess the circumstances surrounding its presentation to the Jury.

2. The 404(b) Notice included photographs of the Defendant following his subsequent surrender into custody. (Dkt. No. 369 at 2.) The objection as to these photographs is **sustained**, and the Government may not show them at trial.

## So Ordered this

**Apr 17, 2026**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE